UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA                                     02-CR-231E

        -vs-                                                                          MEMORANDUM
                                                                                                          and
ROBERT DAVIS,                                                                                      ORDER[1]
        Defendant.

---

On February 24, 2005, petitioner Robert Davis, proceeding *pro se*, filed the instant motion pursuant to 28 U.S.C. §2255, seeking to set aside, vacate or correct his sentence. On April 19, 2005 the Government filed its response, which it supplemented on October 15, 2006 after being Ordered to do so by this Court. For the reasons stated herein, petitioner's §2255 motion is granted in part and petitioner shall be resentenced, if he so elects.

## **BACKGROUND**

On November 14, 2002, petitioner was indicted on one count of bank robbery, in violation of 18 U.S.C. §2113A. On December 5, 2003 petitioner executed a plea agreement and pled guilty to the indictment. On March 26, 2004, this Court sentenced petitioner to 188 months of imprisonment, three years of supervised release and ordered petitioner to make restitution in the amount of $269.54. Petitioner took no appeal from either his conviction or his sentence.

---

[1] This decision may be cited in whole or in any part.

In this motion, petitioner challenges his sentence based on the ineffective assistance of counsel. He also asserts that, as partial consideration for his plea of guilty, the Government agreed to advocate at the time of sentencing that petitioner be sentenced at the low end of the applicable range pursuant to the United States Sentencing Guidelines and failed to so advocate at the time of sentencing. Finally, petitioner seeks re-sentencing pursuant to the United States Supreme Court decisions in *Blakely* v. *Washington*, 542 U.S. 296 (2004) and *United States* v. *Booker/Fan Fan,* 543 U.S. 220 (2005). In *Booker/Fan Fan*, the Supreme Court held that the United States Sentencing Guidelines are advisory and their application cannot be mandatory.

## **DISCUSSION**

As part of the plea agreement, the government agreed to advocate that petitioner be sentenced at the low end of the applicable Sentencing Guidelines range which as calculated by the parties was 151 to 188 months incarceration. Specifically, paragraph 13 of the plea agreement provided:

> "At sentencing, the government agrees to request that the Court impose a sentence at the lowest point in the Guidelines range determined by the Court."

Plea Agreement ¶13. In its supplemental response to the petition, the government concedes that, contrary to the government's promise contained in the plea agreement, at sentencing the Assistant United States Attorney remained silent and made no request that the Court impose sentence at the lowest point of the Guidelines

range.  Accordingly, the government concedes that it breached the plea agreement and that petitioner is entitled to some remedy for that breach.

The remedy for a breach of the plea agreement is, at the discretion of the Court, either to grant specific performance of the plea agreement or permit withdrawal of the plea.  *See United States* v. *Varal*, 404 F.3d 144, 156 (2d Cir. 2005).  The government asserts that, in a situation such as this where the breach can be remedied by resentencing before a different judge, such should be the remedy.  *Id.* at 152 (cited in *United States* v. *Bulluck*, 182 Fed. Appx. 79 (2d Cir. 2006)).  The Court concludes that such is the appropriate course in this matter.  However, petitioner should be advised that, upon resentencing, he could be sentenced to a lesser period, a greater period or the same period of incarceration.  Accordingly, the Court concludes that counsel should be appointed[2] to advise petitioner as to the potential consequences should he elect to be resentenced.  After consulting with counsel, if petitioner elects to be resentenced, the matter will be reassigned to another District Judge.

Petitioner also challenges his sentence based on the alleged ineffectiveness of his counsel in failing to bring the government's breach to the Court's attention at sentencing.  As the Court has already determined that resentencing is appropriate

---

[2] By separate Order this matter will be referred to Magistrate Judge Jeremiah J. McCarthy for purposes of assigning counsel.  Magistrate Judge Leslie G. Foschio had previously been the designated Magistrate Judge, however, Judge Foschio has taken recall status and is no longer assigned criminal cases.

in light of the breach, petitioner's argument in this respect is moot. Furthermore, to the extent petitioner may be arguing that his conviction should be set aside due to counsel's alleged ineffectiveness, the claim must be denied because petitioner has failed to even allege that but for counsel's errors, he would not have pled guilty.

In *Strickland* v. *Washington*, 466 U.S. 668 (1984), the United States Supreme Court utilized a two-part test in analyzing claims of ineffective assistance of counsel. Such a claim must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness and (2) that prejudice resulted from counsel's errors. *Strickland*, at 687-88, 694. In *Hill* v. *Lockhart*, 474 U.S. 52, 57-59 (1985), the Supreme Court stated that in order to show prejudice due to counsel's ineffective assistance, a defendant who pled guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty. Here, petitioner does not even assert that he would not have pled guilty. Accordingly, any ineffective assistance claim must fail.

Finally, petitioner alleges that he should be resentenced in light of the Supreme Court's holding in *United States* v. *Booker/FanFan*, 543 U.S. 220 (2005). However, the holding of *Booker/FanFan*, does not apply retroactively to cases pending on collateral appeal. *See Guzman* v. *United States*, 404 F.3d 139,140, 144 (2d Cir. 2005). Accordingly, petitioner's claim must be dismissed.

## CONCLUSION

For the reasons stated, it is hereby **ORDERED** petitioner's §2255 motion is granted in part and denied in part, that counsel shall be appointed for purposes of advising petitioner's determination as to whether or not to seek resentencing and, if he chooses resentencing, for the purpose of representing petitioner on resentencing.

DATED:   Buffalo, N.Y.

April 27, 2007

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.